UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-539-FDW

| | |
|---|---|
| JAMES BARON GILMER., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11), and Defendant Commissioner of the Social Security Administration Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 13). Plaintiff seeks judicial review of an unfavorable administrative decision on his application for supplemental security income under title XVI of the Social Security Act. (Tr. 37).

Upon review and consideration of the written arguments, administrative record, and applicable authority, Plaintiff's Motion for Summary Judgment is DENIED for the reasons discussed below; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

**I.   BACKGROUND**

Plaintiff applied for Title XVI Supplemental Security Income on October 22, 2013, with an amended alleged onset date of July 31, 2014. (Tr. 17, 37, 60). His claim was initially denied on February 10, 2014, and again upon reconsideration on May 1, 2014. (Tr. 17). Plaintiff requested a hearing before an ALJ on May 7, 2014, (Tr. 101), and that hearing was held on May 17, 2016. (Tr. 17). The commissioner issued an unfavorable decision on August 5, 2016. (Tr.

14). The Appeals Council denied review on July 20, 2017. (Tr. 1). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g), seeking judicial review of that decision. The issue is whether the claimant is disabled under 1614(a)(3)(A) of the Social Security Act. (Tr. 17).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes this Court to review the final decision of the Commissioner of Social Security to deny social security benefits. A reviewing court must uphold the ALJ's decision when (1) the ALJ has applied correct legal standards, and (2) substantial evidence supports the factual findings. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1982). It is evidence that a reasonable mind might accept as adequately supporting a conclusion. Id. When examining a disability determination, a reviewing court may not re-weigh conflicting evidence or make credibility determinations as "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Commissioner must have applied the correct legal standard. Bird, 699 F.3d at 340. The Commissioner uses a five-step procedure for social security claims. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id., see also Lewis v. Berryhill, 858 F.3d 858,

861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016). At the end of the third step, the Commissioner determines the claimant's RFC. Lewis v. Berryhill, 858 F.3d 858, 861-62 (4th Cir. 2017). A claimant's RFC is relevant if the claimant fails to meet a listed disability. Id. To succeed at the fourth step, the claimant must show his inability to perform past work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). If successful, the burden shifts to the government for the final step to prove that a significant number of jobs exist in the national economy which are suitable for the plaintiff. Lewis, 858 F.3d at 861-62. The government typically attempts to meet this burden through posing hypotheticals incorporating claimant's limitations to the Vocational Expert (VE), who then testifies whether claimant can work. Id. at 862. If the Commissioner meets this burden in step five, the ALJ will deem claimant not disabled and deny the benefits application. Id.

### III. ANALYSIS

The issues here are (1) whether the ALJ erred by failing to perform a medical necessity analysis of Plaintiff's assistive device ("AD"), and (2) whether the ALJ failed to perform a function-by-function assessment of relevant contested functions in violation of Mascio. (Doc. No. 23, p. 3). The Court has reviewed the pleadings and briefs and now addressed Plaintiff's assignments of errors below.

**A.    Medical Necessity Analysis**

Plaintiff contends the ALJ erred by failing to evaluate whether Plaintiff's cane use was medically necessary. (Doc. No. 12, p. 3). Plaintiff testified he used a cane because his "right leg goes out on him." (Tr. 23). Plaintiff argues the ALJ did not include his cane use in the RFC

3

finding and failed to discuss the required medical necessity analysis in her decision. (Doc. No. 12, p. 4). Plaintiff argues "when their use is alleged, ALJs are required to determine whether a hand-held AD is medically necessary." Id. Plaintiff further argues "the ALJ must review the medical evidence for documentation establishing the need for a hand-held AD to aid in walking or standing and the ALJ must determine whether the device is needed all the time, periodically or only in certain situations such as long distances or uneven terrain." Id. Plaintiff cites testimony from the VE stating that Plaintiff's use of a cane would prevent him from engaging in medium work and that Plaintiff does not possess transferable skills from his past work. (Doc. No. 12, p. 5). However, SSR 96-9p does not require an ALJ to "make an express finding of medical necessity in all cases in which a claimant uses a cane." Morgan v. Comm'r, Soc. Sec., No. 13-cv-2088-JKB, 2014 WL 1764922, at *1 (D. Md. Apr. 30, 2014). Rather, "SSR 96-9p provides guidance regarding the required showing for an ALJ to reach the conclusion that a claimant's hand-held device is 'medically required' where an individual is capable of less than a full range of sedentary work." Id. The claimant bears the burden of presenting "medical evidence establishing the need for a cane and describing the circumstances for which it is needed." SSR 96-9p.

Plaintiff cites Fletcher v. Colvin, in which the court stated, "a prescription or the lack of prescription for an assistive device is not necessarily dispositive of medical necessity." No. 1:14CV380, 2015 WL 4506699, at *8 (M.D.N.C. Mar. 29, 2015) (citing Staples v. Astrue, 329 F. App'x 189, 191–92 (10th Cir. 2009)). In Staples, the court stated the ALJ erred in relying on plaintiff's lack of prescription of a cane. 329 F. App'x at 192. Nonetheless, the court held this was not an error requiring remand as "no indication [was] made of the medical necessity for the use of a cane." Id. Similarly, here, Plaintiff did not present a prescription for his cane and the ALJ determined that Plaintiff failed to meet the burden of proving the medical necessity of using a

cane. This Court has held "absent a doctor's prescription, a claimant's self-prescribed cane usage is merely a specific subjective complaint that must be substantiated by the objective medical evidence, and the ALJ is not obligated to perform a medical necessity analysis." Christon v. Colvin, No. 3:15-CV-00305-RJC, 2016 WL 3436423, at *5 (W.D.N.C. June 15, 2016) (quoting Morgan, 2014 WL1764922, at *1)). The ALJ cited and gave "significant weight" to Dr. Earl J. Epps, who in his consultative examination stated, "the patient is able to get on and off the examination table and dress and undress himself without assistance and requires no assistive devices for ambulation." (Tr. 273). The ALJ's RFC finding is supported by substantial record evidence, and Plaintiff failed to meet the burden for establishing the need for a cane. As such, the Court finds the ALJ made no error in this regard.

**B.     Function by function assessment of relevant contested functions**

Plaintiff argues the ALJ erred by failing to perform a function-by-function assessment of Plaintiff's relevant and contested functions in her decision. (Doc. No. 12, p. 6). Plaintiff contends he cannot lift more than five to fifteen pounds at a time due to his hernia and argues this "this testimony. . . contradicts the ALJ's finding that [Plaintiff] could perform medium work which requires 50 pounds of lifting and standing . . . ." (Tr. 37) (citing 20 C.F.R. § 404.1567). Plaintiff misconstrues 20 C.F.R. § 404.1567 (c), which states "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 20 pounds." The definition only addresses the maximum weight, not what is required weight. Plaintiff misconstrues the regulation.

Plaintiff further argues that he can "only stand for or about 15-20 minutes at a time and could not walk for more than 5-10 minutes at a time" and this "contradicts the ALJ's finding that [Plaintiff] could . . . [stand] and [walk] up to 6 hours each in an 8-hour workday." (Doc. No. 12,

5

p. 6) (citing 20 C.F.R. § 404.1567(c)). Like his faulty argument above, 20 C.F.R. § 404.1567(c) does not mention duration as Plaintiff contends. Furthermore, the ALJ accounted for this limitation by stating Plaintiff "is able to sustain attention and concentration for 2 hours at a time." (Tr. 19).

Plaintiff further argues "the ALJ erred by failing to perform a function-by-function analysis of [Plaintiff's] contested functions of lifting, walking, and standing as [Plaintiff] testified to being more limited than the ALJ found in her RFC due to his knee pain, swelling, and weakness as well as his hernia pain which is strained by lifting." (Doc. No. 12, p. 8). The ALJ's RFC finding provides:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 416.967 (c) except he can have only occasional use of the right lower extremity and left upper extremity for pushing, pulling, and operating foot and hand controls. He must avoid ladders, ropes, scaffolds, unprotected heights, and machines with dangerous parts. He can do frequent but not constant posturals. He can do frequent but not continuous reaching in all directions, including overhead, with the left upper extremity. He is able to sustain attention and concentration for 2 hours at a time. He has no depth perception on the left and is limited to occasional handling of small objects and printed materials.

(Tr. 19).

The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b). The claimant's RFC is simply the ALJ's way of stating what precisely the claimant still can do, even with his impairments. The ALJ found Plaintiff to have "chronic left shoulder pain" and "chronic right knee pain and swelling-consider[ing] degenerative joint disease." (Tr. 22). The ALJ stated "[a]t the time of the examination, the

6

[Plaintiff] is not on any prescription medications." Id. "On a Range of Motion chart regarding [Plaintiff's] gait and station, Dr. Epps noted that the [Plaintiff] walked with a limp favoring the right side. As to [Plaintiff's] dexterity in ability to pinch, grasp, and manipulate small and large objects, Dr. Epps stated that the [Plaintiff] had normal dexterity." Id. The Court has addressed Plaintiff's argument regarding lifting above.

Regarding walking and standing, Plaintiff states he "cannot walk far or stand too long" and he can "reach out but cannot pick up items due to a hernia." (Tr. 23). He stated he "can stand for 15 to 20 minutes." Id. However, in making her RFC finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR 416.929 and SSR 96-4p." (Tr. 19). The ALJ also stated "after careful consideration of the evidence . . . [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." (Tr. 24). The ALJ further stated "the claimant went all this time without any emergency room, urgent, care, free clinic. . . despite his allegations of disabling health impairments" and "the claimant's combined impairments are severe, but not they are not disabling and would not prevent him from meeting the basic demands of regular work on a sustained basis." Id.

Plaintiff further argues "[the ALJ] only cites [Plaintiff's] lack of treatment (due to finances) as a hindrance to him proving disability (in general terms)." (Doc. No. 12, p. 7). Plaintiff cites Lovejoy v. Heckler in which the court held "[a] claimant may not be penalized for failing to seek treatment she cannot afford." 790 F.2d 1114, 1117 (4th Cir. 1986). However, the ALJ's

7

decision or the record does not evidence Plaintiff being "penalized" for being unable to afford treatment or surgery due to his finances. Plaintiff argues Dr. Epps's findings support Plaintiff's allegations. (Doc. No. 12, p. 8). Plaintiff acknowledges Dr. Epps's finding that Plaintiff was able to get on and off the table without assistance and states Plaintiff "displayed a limping gait [and] objective weakness in his legs and swelling and degenerative changes in his right knee." Id. However, the ALJ asked the VE:

> Assume a person of the same age, education, and past relevant work as the [Plaintiff], able to do medium level work; occasionally use the right lower extremity for pushing, pulling, and operating foot controls; must avoid ladders, scaffolds, and unprotected heights, as well as machinery with dangerous parts; can frequently do all other postural activities; can stay on task for two hours at a time; can do frequent reaching with the left upper extremity in all directions, including overhead; has no depth perception in the left eye; is limited to only occasional handling of small objects or printed materials.

(Tr. 25).

The VE testified that given all these factors, the individual would be able to perform the requirements of representative occupations such as laundry worker, counter supply worker, and self-service laundry and dry-cleaning attendant. (Tr. 25). These jobs exist in significant numbers in the national economy. Id. Finally, Plaintiff argues that his "advanced age, GED education and his lack of transferable skills from floor finishing and installing to the light or sedentary levels" warrants a finding of disabled. (Doc. No. 12, pp. 8-9). Plaintiff fails to acknowledge the ALJ's finding that he can communicate in English and "transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is not disabled, whether or not the [Plaintiff] has transferrable job skills." (Tr. 25). As the Court finds that there is no inconsistency to resolve, the ALJ made no error in this regard.

8

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED; the Commissioner's Motion for Summary Judgment (Doc. No. 13) is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED

Signed: July 20, 2018

Frank D. Whitney
Chief United States District Judge